```
                    UNITED STATES DISTRICT COURT

                FOR THE WESTERN DISTRICT OF TEXAS

                      U.S. MAGISTRATE JUDGE

                         EL PASO DIVISION



UNITED STATES OF AMERICA )No. EP:24-CR-01313-DCG(1)

vs.                      )El Paso, Texas

CECILIA STEPANIAK        )
                         )June 26, 2024
_____


-------------------------------------------------------------

                     MISCELLANEOUS HEARING

             Before the Honorable Robert Castaneda

                  United States Magistrate Judge

-------------------------------------------------------------
```

    Proceedings reported by stenotype.  Transcript produced by computer-aided transcription.

```
 1                       A P P E A R A N C E S

 2

 3   FOR THE GOVERNMENT:

 4   UNITED STATES ATTORNEY'S OFFICE

 5   BY:  MS. NALLELY BARBOSA
          MS. DEBRA KANOF
 6   -----------------------------------
     Assistant United States Attorneys
 7   700 E. San Antonio, Suite 200
     El Paso, Texas 79901
 8

 9

10   FOR DEFENDANT:

11   FEDERAL PUBLIC DEFENDER'S OFFICE

12   BY:  MR. ERIK HANSHEW
     ---------------------------------------
13   700 E. San Antonio Avenue, Suite D-401
     El Paso, Texas 79901
14

15

16

17

18

19

20

21

22

23

24

25
```

```
1              THE COURT:  The Court calls 24-1313, the United States
2   of America versus Cecilia Stepaniak.
3       Announcements, please.
4              MS. KANOF:  Good morning, Your Honor.  Nallely Barbosa
5   and Debra Kanof for the United States.  Nallely Barbosa is the
6   lead.  I will be [inaudible].
7              MR. HANSHEW:  Good morning, Your Honor.  Erik Hanshew
8   on behalf of Ms. Stepaniak.
9              THE COURT:  We had that motion filed yesterday
10  afternoon.
11      Obviously, Mr. Hanshew, you haven't had enough time to
12  respond?
13             MR. HANSHEW:  Correct.
14             THE COURT:  What about Mr. McMahon, is he going to be
15  available?
16             MR. HANSHEW:  I will be available on Friday.  We are
17  asking for a continuance.
18             THE COURT:  To prepare for the hearing and to respond
19  to the motion?
20             MR. HANSHEW:  To be able to do the research on the
21  motion and continue the investigation for purposes of the
22  [inaudible].
23             THE COURT:  When do you think you will respond in
24  writing by?
25             MR. HANSHEW:  Honestly, I will probably respond early
```

```
 1  to the Court on Friday.
 2              THE COURT:  Do you have any comments, Ms. Kanof?
 3              MS. KANOF:  No.  I wanted to ask the agent if she will
 4  be available on Friday.  She is sitting in the back.
 5              AGENT:  Yes, I should be.
 6              MS. KANOF:  Your Honor, we have no objection.  In
 7  fact, they made [inaudible] discovery yet.  If Mr. Hanshew
 8  wants to come to our office this morning, we can provide
 9  assistance.
10              THE COURT:  I want to just get to one of the two
11  points right now regarding the proffer.  I spoke to Henry
12  [inaudible] and he actually wrote me regarding the practice in
13  San Antonio.
14     He tells me it is not the general practice in San Antonio
15  to proceed by proffer.  He told me it is common as long as an
16  agent, and I am reading his response, is available for
17  cross-examination.  But over Defense objection, I won't accept
18  a proffer.  It will be my ruling as well.
19              MS. KANOF:  Your Honor, I was going to remove that
20  request.  I will at least in response to [inaudible] I have
21  every respect for him in the world.  It was [inaudible] and so
22  as far as the rest of the country, that has to do with --
23              THE COURT:  There might have been a miscommunication
24  or misunderstanding, I understand.  That will be my ruling.
25  We, obviously, don't require the child to come here to testify.
```

```
 1   We will address the child statute concerns before we proceed
 2   with any evidence.
 3             MS. KANOF:   May I ask the Court to make a ruling?
 4   Many of the cases say they can use both, the proffer and live
 5   testimony.  We have the Court's opposition to do that
 6   [inaudible].
 7             THE COURT:   It is your burden.  Prove the strength of
 8   the evidence.  If you are available to do it by way of live
 9   testimony, that is preferable for me.  Because if it is a vague
10   proffer, that is not going to cut it.
11             MS. KANOF:   A what?
12             THE COURT:   A vague proffer.
13             MS. KANOF:   It is not a vague proffer [inaudible].
14             THE COURT:   My emphasis will be on live testimony.  It
15   is subject to cross-examination.
16             MS. KANOF:   Thank you, Your Honor.
17             THE COURT:   Anything else?  We'll do it Friday, and we
18   need what?  How much time do you think you need for your part?
19             MS. KANOF:   Your Honor, we believe the witness' direct
20   will take 45 minutes to an hour maybe at the most.
21             MR. HANSHEW:   This is one witness?
22             MS. KANOF:   It is one witness.
23             MR. HANSHEW:   [Inaudible].
24             MS. KANOF:   [Inaudible] 20 minutes.
25             MR. HANSHEW:   [Inaudible].
```

1           MS. KANOF:  Just one.
2           MR. HANSHEW:  The one live witness and one --
3           MS. KANOF:  [Inaudible].
4           MR. HANSHEW:  [Inaudible].
5           MS. KANOF:  No, it is not.
6           MR. HANSHEW:  Based on how many [inaudible]?
7           MS. KANOF:  Primarily, on two agents.  One of the
8    agents [inaudible].
9           MR. HANSHEW:  Why would there be a proffer
10   [inaudible]?
11          MS. KANOF:  Well [inaudible].  There is conversations
12   that we personally had with CPS.
13          MR. HANSHEW:  [Inaudible] identify how many witnesses
14   [inaudible].
15          MS. KANOF:  A [inaudible] witness.  The [inaudible] is
16   not sworn.  There is elements that I thought were more
17   appropriate, especially because Pretrial is relying on CPS's
18   recommendation, which the Government completely thinks is
19   erroneous, and I wanted to proffer [inaudible] and
20   conversations I had with CPS because it is substantially
21   different than the recommendations.
22          THE COURT:  I guess we will take it a step at a time,
23   Mr. Hanshew.  If you need time to respond or subpoena, we'll
24   give you that opportunity.  I want to be fair to both sides.
25          MS. KANOF:  Yes, Your Honor.

```
 1              MR. HANSHEW:  I guess I wanted put out, you already
 2   heard Ms. Kanof had a misunderstanding in San Antonio --
 3              MS. KANOF:  I did not [inaudible].
 4              MR. HANSHEW:  [Inaudible] misunderstanding
 5   [inaudible].  I will hold Ms. Kanof to what she says
 6   [inaudible] let me know [inaudible].
 7              THE COURT:  Let's not --
 8              MS. KANOF:  Your Honor [inaudible].
 9              THE COURT:  Anything else?
10              MS. KANOF:  [Inaudible].
11              THE COURT:  Anything else?  Nothing else, Ms. Kanof?
12              MS. KANOF:  No, Your Honor.
13              MR. HANSHEW:  No.
14              THE COURT:  We'll be in recess.  We'll see you Friday
15   at what time?  10 a.m.  Thank you.
16
17                            *  *  *  *  *
18
19
20
21
22
23
24
25
```

CERTIFICATION
_____

    I certify that the foregoing is a correct transcript from the record of proceedings in the above-entitled matter.  I further certify that the transcript fees and format comply with those prescribed by the Court and the Judicial Conference of the United States.

Date:  July 12, 2024

                                      /s/ Walter A. Chiriboga, Jr.
                                     _____
                                      Walter A. Chiriboga, Jr.