Prob 12B (7/93)

# UNITED STATES DISTRICT COURT

for

## WESTERN DISTRICT OF TEXAS

### Request for Modifying the Conditions or Term of Supervision with Consent of the Offender

**Name of Offender:** Cecilia Stepaniak, TN: Cecilia Rose Stepaniak

**Case Number:** EP:24-CR-01313-DCG(1)

**Name of Sentencing Judicial Officer:** David C. Guaderrama, Senior U.S. District Judge

**Date of Original Sentence:** November 20, 2025

**Original Offense:** Child Endangerment, in violation of 18 U.S.C. § 7(3) and 13 (T.P.C. § 22.04(c))

**Original Sentence:** One-hundred eighty (180) days imprisonment probated for a term of five (5) years

**Type of Supervision:** Probation

**Date Supervision Commenced:** November 20, 2025

## PREVIOUS COURT ACTION

On December 9, 2025, a Status Conference was held and the Court ordered that a modification be made to the conditions of supervision.

On December 30, 2025, a Status Conference was held and the Court ordered that a modification be made to the conditions of supervision.

On January 16, 2026, the Court modified the term of supervision to include conditions indicating the defendant shall comply with all current and future orders of any state or family court concerning custody, visitation, or contact with any minor children who are the subject of those orders and shall promptly provide copies of those orders to the U.S. Probation Office before having any contact with those children.  In addition, the Court set geographical boundaries and provided instructions to request and obtain permission from the probation officer 48 hours prior to attending a location within the restricted geographical boundaries.

On February 4, 2026, a Status Conference was held and the Court placed Stepaniak on zero tolerance.

On February 6, 2026, a Supervision Modification Hearing was held and the Court ordered the below listed conditions.

## PETITIONING THE COURT

[ ]   To extend the term of supervision for _____ years, for a total term of _____ years.

[ X ]   To modify the conditions of supervision as follows:

    1. The defendant shall not go to, or remain at, the following properties, to include any

Case 3:24-cr-01313-DCG   Document 241   Filed 02/06/26   Page 2 of 3

Cecilia Stepaniak, TN: Cecilia Rose Stepaniak
Docket No. EP:24-CR-01313-DCG(1)
Request for Modifying the Conditions or Term of Supervision with Consent of the Offender
P a g e | 2

shared parking if the restricted property is a multi-tenant property, or any property adjacent to the following properties: (1) Child Help, 2120 North Central Avenue, Phoenix, Arizona 85004; (2) Six Flags Hurricane Harbor, 4243 West Pinnacle Peak Road, Glendale, Arizona 85310; (3) Christ's Church of the Valley (CCV), 7007 West Happy Valley Road, Peoria, Arizona 85383; (4) Dream City Church, 13613 North Cave Creek Road, Phoenix, Arizona 85022; and (5) Alice Cooper's Solid Rock Teen Center, 13625 North 32nd Street, Phoenix, Arizona 85032.

2. The defendant shall provide a 1-week notice and obtain permission from the probation officer prior to attending the following location: Great Wolf Lodge, 7333 North Pima Road, Scottsdale, Arizona 85258.

3. Should the defendant wish to obtain records as allowed in the family court order, the following steps must be taken: (1) written approval from the supervising probation officer prior to making any such request; (2) Electronic record requests must first be attempted through the service provider; (3) If the records request is not received or provided electronically by the service provider, then an appointment will be made with the provider and approval must be obtained from the probation officer before attending the location of the provider; and (4) If appointments are not available or done by the provider, then a forty-eight (48) hour advance notice and approval must be obtained from the probation officer before attending the location of the provider. Records requests are limited to once per month per provider unless there are extraordinary circumstances. In such cases, approval from the probation would be necessary.

4. Records requests pertaining to the Minor Victim (M.V.) are prohibited. If records requests for E.M. are requested, the Defendant must **PROVE** to the probation officer that she has made every attempt to obtain the records electronically. Once the defendant has **PROVEN** to her probation officer that she has attempted to obtain records electronically and was unable to receive them electronically, a release of information from the service provider will be signed to allow her probation officer to receive the records for E.M only. The probation officer will release the records to the defendant.

5. The defendant shall not renew the residential lease at 10518 W. Carlota Ln, Peoria, AZ 85383, set to expire on December 31, 2026. Upon expiration of the lease, the defendant will seek and obtain a residence a minimum of 20 miles away from the minor victim (M.V.) and E.M.

### CAUSE

On February 4, 2026, a virtual Status Conference was held to address a violation that occurred on January 12, 2026. Stepaniak was admonished for failing to abide by the permission requirements verbally ordered during the Status Conference held on December 30, 2025. In addition, the Court advised Stepaniak her supervision will be on zero tolerance. Furthermore, the Court ordered the Government, Defense Counsel, and the U.S. Probation Office to draft new language to address the listed conditions above (listed as modifications no. 1, 2, 3, 4, and 5).

Case 3:24-cr-01313-DCG   Document 241   Filed 02/06/26   Page 3 of 3

Cecilia Stepaniak, TN: Cecilia Rose Stepaniak
Docket No. EP:24-CR-01313-DCG(1)
Request for Modifying the Conditions or Term of Supervision with Consent of the Offender
P a g e | 3

On February 6, 2026, a Supervision Modification Hearing was held to finalize the language provided by the Government, Defense Counsel, and the U.S. Probation Office regarding the listed conditions above (listed as modifications no. 1, 2, 3, 4, and 5). Furthermore, the modifications were read and explained to Stepaniak, and it was put on the record that she understood the modifications.

The modification is an appropriate action provided under 18 U.S.C. § 3583 and the addition of USSG § 5D1.4, which calls for an individualized assessment of the appropriateness of existing conditions. Further, this modification will utilize available resources to continue promoting rehabilitation and ease the person under supervision's transition back into the community. The probation officer will continue to address the needs of the person under supervision while also maintaining public safety.

Stepaniak did not endorse the PROB 49, Waiver of Hearing to Modify Conditions of Probation/Supervised Release or Extend Term of Supervision, as these conditions have been ordered by the Court at the time of the Supervision Modification Hearing.

Respectfully submitted,

Mario A. Rueda
U.S. Probation Officer
Office (915) 585-6560
Cellular (915) 822-9574
Date: February 6, 2026

Approved by,

Emilia Caro-Sanchez
Supervising U.S. Probation Officer
Office (915) 585-6582
Cellular (915) 861-8795

**THE COURT ORDERS:**

[ ]   No action.

[ ]   The extension of supervision as noted above.

[X]   The modification of conditions as noted above.

[ ]   Other

David C. Guaderrama, Senior U.S. District Judge

02-06-26
Date